BL

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Enrique Lopez Apizueta,  ) No. CV 05-3942-PHX-DGC (GEE)
                          )
      Petitioner,   ) **ORDER**
                          )
      v.            )
                          )
United States of America, )
                          )
      Respondent.   )
_____)

      Petitioner Enrique Lopez Apizueta, presently confined in the Federal Correctional Institution in Phoenix, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This Court will dismiss the petition without leave to amend.

**A.**    <u>**Petition.**</u>

      Petitioner originally filed a "Motion to Dismiss Detainer" in the United States District Court for the Western District of Washington. (Doc. #1). In his petition, Petitioner asserts that he was born and raised in Cuba, and fled from there as a refugee. Petitioner states that he was sentenced to 87 months' imprisonment and 5 years' supervised release for a federal drug conviction. As a result of a detainer lodged by the Immigration and Naturalization Service (INS), Petitioner is ineligible for a program which takes a year off his sentence if he has successfully completed the prison's drug rehabilitation program. Further, because of the detainer, Petitioner is ineligible for six months' placement in the Community Correction Center. Thus, the detainer effectively results in an additional 18 months of imprisonment. Moreover, Petitioner asserts that pursuant to United States policy, he will not be deported to Cuba, and pursuant to recent Supreme Court decision,

JDDL

1   he cannot be incarcerated in any way after he has served his sentence. Thus, Petitioner requests

2   that the detainer be removed. The District Court in Washington construed the motion as one

3   brought pursuant to § 2241, and transferred the action to this Court. (Doc. #6).

4   **B.**    **28 U.S.C. § 2241.**

5          A 28 U.S.C. § 2241 petition "shall not extend to a prisoner unless (1) [h]e is in custody

6   under or by color of the authority of the United States, or is committed for trial before some court

7   thereof; or (2) [h]e is in custody for an act done or omitted in pursuance of an Act of Congress,

8   or an order, process, judgment or decree of a court or judge of the United States; or (3) [h]e is in

9   custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.

10         Petitioner is not seeking to challenge the validity of the federal detainer, but merely argues

11  that it impermissibly lengthens his sentence by making him ineligible for certain prison programs

12  and that he, as a Cuban, may not be detained as a deportable alien after he has served his

13  sentence. The Ninth Circuit has held that the Bureau of Prison's (BOP) policy of excluding

14  inmates against whom a detainer is lodged from early release or transfer into a half-way house

15  does not violate the prisoner's constitutional rights. See McLean v. Crabtree, 173 F.3d 1176, 1184-

16  86 (9th Cir. 1999) (providing that the BOP's policy of exclusion does not violate a prisoner's Equal

17  Protection Due Process rights). Moreover, contrary to Petitioner's belief, a deportable alien who

18  is not under a criminal sentence may be detained for at least six months. See Zadvydas v. Davis,

19  533 U.S. 678, 701 (2001). Because (1) the BOP's policy of exclusion as to Petitioner is

20  constitutional, and (2) Petitioner may be held in custody even after he has served his sentences,

21  Petitioner's § 2241 petition will be dismissed without prejudice. Petitioner will be provided an

22  opportunity to amend his § 2241 petition.

23  **C.**    **Amendment**

24         Any Amended Petition must be submitted on the court-approved form and signed under

25  penalty of perjury. In particular, Petitioner must list each ground for relief and state the facts

26  supporting each ground. Petitioner is advised that the Amended Petition must be retyped or

27  rewritten in its entirety on a court-approved form and may not incorporate any part of the original

28

JDDL

1  Petition by reference.   Any Amended Petitioner submitted by Petitioner should be clearly
2  designated as such on the face of the document.   The Clerk of Court will be directed to provide
3  Petitioner with a form for filing a § 2241 action.

4       Petitioner is further advised that an amended § 2241 supersedes the original petition.  See
5  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co.,
6  896 F.2d 1542, 1546 (9th Cir. 1990).   After amendment, the original pleading is treated as
7  nonexistent.  Ferdik, 963 F.2d at 1262.   Thus, grounds for relief alleged in the original Petition
8  which are not alleged in the amended Petition are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th
9  Cir. 1987).

10 **D.    Rule 41 Cautionary Notice**

11      Petitioner should take notice that if he fails to timely comply with every provision of this
12 Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of
13 the Federal Rules of Civil Procedure.  See Ferdik, 963 F.2d at 1260-61(district court may dismiss
14 action for failure to comply with any order of the Court).

15      **IT IS THEREFORE ORDERED** that:

16      (1) Petitioner's Petition for Writ of Habeas Corpus, 28 U.S.C. § 2241 (Doc. #7) is dismissed
17 with leave to amend.  Petitioner shall have 30 days from the date of filing of this Order to file an
18 Amended Petition in accordance with the Court's Order.

19      (2) The Clerk of the Court shall enter a judgment of dismissal of this action without
20 prejudice and without further notice to the Petitioner if he fails to file a Petition within 30 days of
21 the filing date of this Order.

22      (3)  At all times during the pendency of this action, Petitioner shall immediately advise the
23 Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE
24 OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change
25 of address and its effective date.  The notice shall not include any motions for any other relief.
26 Failure to file a Notice of Change of Address may result in the dismissal of the action for failure
27 to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and

28

JDDL

1

(4)  The Clerk of Court is directed to provide to Petitioner a current court-approved form

2

for filing a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241).

3

DATED this 26th day of January, 2006.

4

5

6

7

8

_____

David G. Campbell
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL

- 4 -

Name

Prison Number

Place of Confinement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case Number (To be supplied by |
| _____, | ) | the Clerk, U. S. District Court) |
| (Full Name of Movant) | ) | |
| | ) | |
| _____, | ) | MOTION TO VACATE, SET ASIDE, |
| (Include name under which you were | ) | OR CORRECT  SENTENCE BY A |
| convicted.) | ) | PERSON IN FEDERAL CUSTODY |
| | ) | (28 U.S.C. § 2255) |
| Movant. | ) | |
| _____ | ) | |

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

INSTRUCTIONS - READ CAREFULLY

(1) This motion must be legibly handwritten or typewritten and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any question, use reverse side of sheet.

(2) Additional pages are not permitted except with respect to the *facts* which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the Declaration on the last two (2) pages, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the Certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions

(6/22/82)

**510**

either in the same district or in different districts, you must file
separate motions as to each judgment.

(6) Your attention is directed to the fact that you must include all
grounds for relief and all facts supporting such grounds for relief in
the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, *the original and two (2) copies*
must be mailed to:

               <u>Phoenix & Prescott Divisions</u>:  OR  <u>Tucson Division</u>:
               U.S. District Court Clerk       U.S. District Court Clerk
               U.S. Courthouse, Suite 321      U.S. Courthouse, Suite 1500
               401 West Washington St., SPC 10  405 West Congress Street
               Phoenix, Arizona  85003-2119    Tucson, Arizona  85701-5010

(8) Motions which do not conform to these instructions will be returned with
a notation as to the deficiency.

<u>MOTION</u>

1.  Name and location of court which entered the judgment of conviction
    under attack: _____

2.  Date of judgment of conviction: _____

3.  Length of sentence: _____ Sentencing Judge: _____

4.  Nature of offense involved (all counts): _____
    _____
    _____
    _____

5.  What was your plea?   (Check one)
    (a) Not Guilty      (  )
    (b) Guilty          (  )
    (c) Nolo contendere (  )
    If you entered a guilty plea to one count or indictment, and a not
    guilty plea to another count or indictment, give details: _____
    _____
    _____
    _____

6.  Kind of trial:  (Check one)
    (a) Jury         (  )
    (b) Judge only  (  )

7.  Did you testify at the trial? Yes (  )      No (  )

8.  Did you appeal from the judgment of conviction? Yes (  )      No (  )

9.  If you did appeal, answer the following:
    (a) Name of Court: _____
    (b) Result: _____
    (c) Date of result: _____

10. Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications, or motions with
    respect to this judgment in any federal court?      Yes (  )   No (  )

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of Court: _____
        (2) Nature of proceeding: _____

(3) Grounds raised: _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition,
application,      or motion? Yes (  )      No (  )
(5) Result: _____
(6) Date of result: _____
(b) As to any second petition, application, or motion, give the same
information:
(1) Name of court: _____
(2) Nature of proceeding: _____

_____

(4) Did you receive an evidentiary hearing on your petition,
application, or motion?  Yes (  )      No (  )
(5) Result: _____
(6) Date of result: _____
(c) As to any third petition, application, or motion, give the same
information:
(1) Name of court: _____
(2) Nature of proceeding: _____
(3) Grounds raised: _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition,
application,      or motion? Yes (  )      No (  )
(5) Result: _____
(6) Date of result: _____
(d) Did you appeal, to an appellate federal court having jurisdiction,
the result of action taken on any petition, application, or motion?
(1) First petition, etc.      Yes (  )      No (  )
(2) Second petition, etc.     Yes (  )      No (  )
(3) Third petition, etc.      Yes (  )      No (  )
(e) If you did not appeal from the adverse action on any petition,
application, or motion, explain *briefly* why you did not: _____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held
unlawfully. Summarize *briefly* the facts supporting each ground. If
necessary, you may attach pages stating additional grounds and *facts*
supporting same.
CAUTION:   If you fail to set forth all grounds in this motion, you may
be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you have other than those listed.  However, *you should raise in this motion all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose.  Do not check any of the grounds listed below.  The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by an unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.     Ground One: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


B.     Ground Two: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____

C.    Ground Three: _____

Supporting FACTS (tell your story *briefly* without citing cases or law):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D.    Ground Four: _____

Supporting FACTS (tell your story *briefly* without citing cases or law):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

13.   If any of the grounds listed in 12A, B, C, and D were not previously
      presented, state briefly what grounds were not so presented, and give
      your reasons for not presenting them: _____
_____
_____
_____
_____
_____
_____
_____
_____

14.   Do you have any petition or appeal now pending in any court as to the
      judgment under attack?    Yes ( )         No ( )

15. Give the name and address, if known, of each attorney who represented
    you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: _____

    _____
    (b) At arraignment and plea: _____

    _____
    (c) At trial: _____

    _____
    (d) At sentencing: _____

    _____
    (f) In any post-conviction proceeding: _____

    _____
    (g) On appeal from any adverse ruling in a post-conviction proceeding: __

    _____

16. Were you sentenced on more than one count of an indictment, or on more
    than one indictment, in the same court and at approximately the same
    time?
    Yes ( )    No ( )

17. Do you have any future sentence to serve after you complete the
    sentence imposed by the judgment under attack?   Yes ( )      No ( )
    (a) If so, give the name and location of the court which imposed the
        sentence to be served in the future: _____

    _____
    (b) Give the date and length of sentence to be served in the future: ____

    _____
    (c) Have you filed, or do you contemplate filing, any petition
        attacking the judgment which imposed the sentence to be served in
        the future?
        Yes ( )      No ( )


        WHEREFORE, movant prays that the court grant him all relief to
which he may be entitled in this proceeding.


        I declare (or certify, verify, or state) under penalty of perjury
that the foregoing is true and correct:


Executed on _____          _____
                 (date)                       Signature of Movant



_____
Signature of Attorney (if any)


-6-